# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AVALOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HANFORD MALL 2020 LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00231-DAD-SAB<br><br>ORDER DISCHARGING ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY MONETARY SANCTIONS OF $100 PER DAY SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF Nos. 11, 12) |

Plaintiff George Avalos filed this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., on February 22, 2021. On March 22, 2021, Plaintiff returned a proof of service showing that Defendant Hanford Mall 2020 LLC had been served by substitute service on March 9, 2021, with a copy of the summons and complaint mailed on March 9, 2021. On March 24, 2021, a first amended complaint was filed adding Defendant Apple Mid Cal II LLC as a defendant.

On April 20, 2021, an order was filed requiring Plaintiff to file notice of the status of the action as no answer to the first amended complaint had been filed by Defendant Hanford Mall 2020 LLC and proof of service had not been filed for Defendant Apple Mid Cal II LLC and proof of service on Defendant Apple Mid Cal II was filed. Plaintiff did not respond to the April 20, 2021 order to show cause. So on April 29, 2021, an order issued requiring Plaintiff to show cause why monetary sanctions of $100.00 per day should not issue for the failure to comply with the

1

April 2021 order. Plaintiff filed a response to the order to show cause and a status report on April 30, 2021.

Plaintiff's response states that the failure to respond was due to a calendaring error, was simple oversight, and was inadvertent. However, as discussed in the order to show cause, this is not the first time that this Court has been required to address Plaintiff's failure to comply with its orders. See Avalos v. East Africa Humanitarian Organization Properties, Inc., No. 1:20-cv-01605-DAD-SAB (E.D. Cal. Feb. 4, 2021) (order to show cause for failure to comply with court order); Avalos v. Franco De Pizano, No. 1:20-cv-01571-DAD-SAB (E.D. Cal. March 2, 2021) (same); Avalos v. Mascot LLC, No. 1:20-cv-01739-DAD-SAB (E.D. Cal. March 16, 2021) (same). Despite similar instances which counsel attributes to the same error, it appears that no efforts have been made to correct the calendaring errors that are occurring.

The Court shall discharge the order to show cause without the issuance of sanctions at this time. However, this order shall serve as notice to counsel that any further such failures to respond in this or other cases will result in the imposition of $100.00 per day for each day that any required response is late. Further, the Court will not excuse any further such failures based upon the excuse that there was a calendaring error and the failure to respond was inadvertent. At this time, counsel has had sufficient notice that a problem exists and the Court will expect that procedures have been set in place to correct the calendaring problem within the office.

Plaintiff states that he has been in contact with counsel for both defendants. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve an answer within twenty-one days after being served with the summons and complaint or within sixty days after a request for a waiver was sent. Fed. R. Civ. P. 12(a)(1). Additionally, the Local Rules of the Eastern District of California provide that "an initial stipulation extending time for no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents may be filed without approval of the Court if the stipulation is signed on behalf of all parties who have appeared in the action and are affected by the stipulation." L.R. 144(a).

Here, Plaintiff returned a proof of service demonstrating that Defendant Hanford Mall

2020 LLC was served on March 9, 2021, by service on the agent of process and a copy was mailed on March 11, 2021. Defendant Apple Mid Cal II LLC was served on April 1, 2021. More than twenty-one days have passed and no responsive pleading nor a stipulation to extend time for a responsive pleading have been filed.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 29, 2021 order to show cause is DISCHARGED;
2. If no stipulation for an extension of time to file a responsive pleading or responsive pleading is filed within **ten (10) days** from the date of entry of this order, Plaintiff shall file a request for entry of default; and
3. The failure to comply with this order may result in the issuance of sanctions up to and including the dismissal of this action for failure to comply.

IT IS SO ORDERED.

Dated: **May 3, 2021**

UNITED STATES MAGISTRATE JUDGE